J-A08004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| VERQUEL JOHNSON | |
| Appellee | No. 3446 EDA 2015 |

Appeal from the Order October 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000968-2015

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY LAZARUS, J.:     **FILED AUGUST 14, 2017**

I respectfully dissent.  In my opinion, the suppression court properly concluded that Officer Marchetti did not have reasonable suspicion to believe that Johnson was involved in criminal activity to support an investigative detention.  I would affirm the suppression court's order.

Officer Marchetti responded to a report of a burglary in progress on the 6500 block of Linmore Avenue in Philadelphia.  The flash information described the suspects as two black males.  As Officer Marchetti proceeded to that street, he saw two people in a silver Chevy Malibu, which was parked on that block, but not at the address where the robbery in progress was reported.  Officer Marchetti was asked whether he could tell whether the

_____

[*] Former Justice specially assigned to the Superior Court.

occupants of the Chevy were male or female when he saw them, to which Officer Marchetti responded, "Initially I couldn't tell who they were." N.T. Suppression Hearing, 10/15/15, at 12. Officer Marchetti, who was in full uniform, backed up his patrol car to "block them in" because he had decided he was going to "investigate the two gentlemen." *Id.* at 10. Officer Marchetti acknowledged that the occupants of the Chevy were not at the scene of the reported burglary. He testified:

> Q:    So the 75-48 says you're doing a vehicle investigation, correct?
>
> A:    Correct.
>
> Q:    The notes from the preliminary hearing said that you back up to block them in, correct?
>
> A:    Correct.
>
> Q:    Because you wanted to investigate them, right?
>
> A:    Yes.
>
> Q:    They weren't at the scene of the burglary, right?
>
> A:    No.
>
> * * * *
>
> Q:    You didn't see either one of the people in the car committing any crime, did you?
>
> A:    At that time, no.
>
> Q:    Okay.    So you were going to do either a vehicle investigation or block them in for what charge?
>
> A:    At that time I was just going to investigate them.

*Id.* at 26-27.

The law in this Commonwealth is clear: in order to effectuate an investigative detention, an officer must have reasonable suspicion that criminal activity is afoot and that the person seized is involved in such activity. *In re M.D.*, 781 A.2d 192, 196 (Pa. Super. 2001) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *see also Commonwealth v. Hicks*, 253 A.2d 276, 280 (Pa.1969); *Commonwealth v. Ranson*, 103 A.3d 73 (Pa. Super. 2014); *Commonwealth v. Taggart*, 997 A.2d 1189 (Pa. Super. 2010); *Commonwealth v. Martinez*, 588 A.2d 513 (Pa. Super. 1991).

As this Court has previously stated:

> [I]n order for a stop to be reasonable under *Terry* [1], the police officer's reasonable and articulable belief that criminal activity was afoot *must be linked with his observation of suspicious or irregular behavior on the part of the particular defendant stopped*. **Mere presence near a high crime area ... or in the vicinity of a recently reported crime ... does not justify a stop under Terry**. Conversely, an officer's observation of irregular behavior without a concurrent belief that crime is afoot also renders a stop unreasonable.

*Commonwealth v. Espada*, 528 A.2d 968, 970 (Pa. Super. 1987) (citations omitted) (emphasis added).

Here, the suppression court determined that Officer Marchetti's blocking the Chevy amounted to an investigative detention, which the Commonwealth does not dispute. The suppression court also determined that Officer Marchetti was unable to base that detention on specific and

_____

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

articulable facts that Johnson was involved in criminal activity. The fact that Johnson was sitting in a parked car on the same block of the reported burglary in progress does not amount to specific and articulable facts that Johnson was engaged in illegal activity or that criminal activity was afoot. Glaringly absent is some independent corroborating basis that gave rise to a reasonable belief on Officer Marchetti's part that the two individuals sitting in a parked car were engaged in criminal activity. *See Commonwealth v. Ayala*, 791 A.2d 1202 (Pa. Super. 2002). Simply put, the investigative detention was not supported by reasonable suspicion. I agree with the suppression court's reasoning, and therefore, I would affirm.